

**JACKSON WALKER L.L.P.**
ATTORNEYS & COUNSELORS

Megan Q. Bluntzer
(210) 978-7786
(210) 242-4669 (facsimile)
mbluntzer@jw.com

June 29, 2011

**VIA HAND DELIVERY**

Facebook, Inc.
Custodian of Records
c/o Corporation Services Company
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

Re:   Sworn Statement regarding DMCA Notification of Copyright Infringement at IP address: 76.202.129.102 on April 4, 2011.

To Whom It May Concern:

    I am contacting you on behalf of Kaylyn Kerr. Under penalty of perjury, I submit that I am authorized to act on behalf Ms. Kerr in matters involving the infringement of her photographs, including enforcing her copyrights and common law rights on the Internet.

    The unauthorized posting of certain photographs of Ms. Kerr on Facebook through a link to the website www.isanyoneup.com (the "Website") on or about April 4, 2011 constitutes copyright infringement. It is our understanding that on April 4, 2011, an unauthorized user (the "User") hacked into the Facebook account of John Mark Mahaffey and posted a link on Mr. Mahaffey's Facebook page to certain photographs of Ms. Kerr on the Website. We have a good faith belief that the above-described activity is not authorized by Ms. Kerr, her agent, or the law.

    We submitted a Formal Request for Information Regarding Unauthorized Posting and Request for Preservation of Information to Facebook, Inc.'s Security Department on June 10, 2011 regarding the unauthorized posting, a copy of which is attached hereto. We have requested that Facebook provide our firm with the following pieces of information regarding the unauthorized access to Mr. Mahaffey's Facebook account by the User on April 4, 2011: (1) the IP address of the User; and (2) the GMT or Greenwich Mean Team of the posting of the link to the Website on Mr. Mahaffey's Facebook page. We further requested that Facebook immediately preserve all information related to the unauthorized use of Mr. Mahaffey's Facebook account on April 4, 2011. Mr. Mahaffey consented to our Formal Request for Information Regarding Unauthorized Posting and Request for Preservation of Information. *See* Exhibit "A" to Formal Request attached hereto.

      Enclosed with the subpoena is a check for the $500.00 processing fee. Thank you in advance for your prompt assistance in this matter. If you have any questions, please feel free to contact me via e-mail at mbluntzer@jw.com, via telephone at (210) 978-7786, or via mail at the address below.

                                  Sincerely,

                                  Megan Q. Bluntzer

Enclosure



**JACKSON WALKER L.L.P.**
ATTORNEYS & COUNSELORS

Julia W. Mann
(210) 978-7761 (Direct Dial)
(210) 242-4646 (Direct Fax)
jmann@jw.com

June 10, 2011

**VIA CERTIFIED MAIL**
**7160 3901 9849 0607 6981**

Facebook, Inc.
Attention: Security Department
151 University Avenue
Palo Alto, California 94301

    Re:    Formal Request for Information Regarding Unauthorized Posting and Request for Preservation of Information

To Whom It May Concern:

    I am contacting you on behalf of Kaylyn Kerr. Under penalty of perjury, I submit that I am representing the legal interests and am the authorized agent for Kaylyn Kerr, an individual, in connection with the unauthorized posting of certain photographs of her on Facebook through a link to the website www.isanyoneup.com (the "Website").

    It is our understanding that on April 4, 2011, an unauthorized user (the "User") hacked into the Facebook account of John Mark Mahaffey and posted a link on Mr. Mahaffey's Facebook page to certain photographs of Ms. Kerr on the Website. In doing so, we believe that the User engaged in copyright infringement of Ms. Kerr's photographs whose copyrights are owned by Ms. Kerr. The User also sent messages and had chat conversations with several of Mr. Mahaffey's Facebook friends while logged into Mr. Mahaffey's Facebook account. Mr. Mahaffey did not consent to the unauthorized access and use of his Facebook account and has no knowledge of the identity of the User.

    Mr. Mahaffey consents to this Formal Request for Information Regarding Unauthorized Posting and Request for Preservation of Information. *See* Exhibit "A". Mr. Mahaffey's identifying information is as follows:

    John Mark Mahaffey
    1708 Briar Run
    Benbrook, Texas 76126
    (903) 360-0718

6132162v.1 138888/00001

Facebook, Inc.
June 10, 2011
Page 2

---

      https://www.facebook.com/Albany75
      School: Baylor University
      Network: Fort Worth, Texas
      DOB: 11/7/1984
      Previous E-mail:[1]  Mahaffeyka@yahoo.com
      New E-mail: johnmarkmahaffey@yahoo.com

We hereby request that Facebook provide our firm with the following pieces of information regarding the unauthorized access to Mr. Mahaffey's Facebook account by the User on April 4, 2011: (1) the IP address of the User; and (2) the GMT or Greenwich Mean Time of the posting of the link to the Website on Mr. Mahaffey's Facebook page. We further request that Facebook immediately preserve all information related to the unauthorized use of Mr. Mahaffey's Facebook account on April 4, 2011.

Thank you in advance for your prompt assistance in this matter. If you have any questions, please feel free to contact me via e-mail at jmann@jw.com, via telephone at (210) 978-7761, or via mail at the address below.

                                Sincerely,

                                Julia W. Mann

---

[1] Mr. Mahaffey believes this e-mail account was hacked, which led to the unauthorized access of his Facebook account, and therefore has since closed this account.

6132162v.1 138888/00001

June 2, 2011

Facebook, Inc.
Attention: Security Department
151 University Avenue
Palo Alto, California 94301

    Re:    Formal Request for Information Regarding Unauthorized Posting and Request for Preservation of Information

Dear Sir/Madam:

Please be advised that I hereby authorize Facebook to comply with Jackson Walker LLP's Formal Request for Information Regarding Unauthorized Posting and Request for Preservation of Information in connection with the unauthorized posting of certain photographs of Ms. Kaylyn Kerr on my Facebook page.

Below is my contact information should you have any questions about this request:

John Mark Mahaffey
1708 Briar Run
Benbrook, Texas 76126
(903) 360-0718
https://www.facebook.com/Albany75
School: Baylor University
Network: Fort Worth, Texas
DOB: 11/7/1984
Previous E-mail: Mahaffeyka@yahoo.com
New E-mail: johnmarkmahaffey@yahoo.com
Period of Activity: April 4, 2011

Your time and attention to this matter are greatly appreciated.

                                          Sincerely,

                                          John Mahaffey

**Exhibit "A"**

6132311v.1



# JACKSON WALKER L.L.P.
ATTORNEYS & COUNSELORS

Megan Q. Bluntzer
(210) 978-7786
mbluntzer@jw.com

June 29, 2011

Clerk of Court
Eastern District of California
Sacramento Division
501 "I" Street, 4th Floor
Sacramento, California 95814

Dear Clerk of Court:

    We represent Kaylyn Kerr. We are writing to obtain a subpoena issued by the Clerk of this Court pursuant to 17 U.S.C. § 512(h).

    We have been made aware of a copyright infringer posting photographs, whose copyrights are owned by Ms. Kerr, on at least one website and potentially more websites from an IP address 76.202.129.102 ("the infringer"). As the exclusive copyright owner, Ms. Kerr has the exclusive right throughout the world to reproduce, prepare derivative works, distribute, perform, display the Works, and authorize others to do the same. *See* 17 U.S.C. § 106. Ms. Kerr also has the worldwide right to take legal action against anyone who may interfere with or otherwise infringe upon such exclusive proprietary rights. *See* 17 U.S.C. § 501.

    Ms. Kerr can learn the identities of those behind this infringing activity only by obtaining such information from the infringers' ISP. The Digital Millennium Copyright Act of 1998 ("DMCA") provides a method for expeditiously obtaining such information from an ISP.

    Pursuant to 17 U.S.C. § 512(h), a copyright owner or its agent may obtain a subpoena ("DMCA subpoena") from the Clerk of any United States District Court for the purpose of seeking the identity of an alleged copyright infringer. Section 512(h)(4) provides that "the clerk shall expeditiously issue and sign the proposed subpoena" upon presentation of three documents in proper form: 1) a DMCA notice of copyright infringement, § 512(h)(2)(A); 2) a proposed subpoena, § 512(h)(2)(B); and 3) a sworn declaration meeting the requirements of § 512(h)(2)(C).

    On behalf of Ms. Kerr, I am seeking to obtain a DMCA subpoena, issued by the Clerk of this Court, to serve on Facebook, Inc., to learn the identity of the individual(s) behind the

Clerk of Court
June 29, 2011
Page 2

---

infringing server. With this letter, we are providing a DMCA notification, a proposed subpoena, and a declaration satisfying the requirements of the DMCA.

As required by the DMCA, the notification specifies a representative list of the copyrighted works that are the subject of infringing activity on the ISP's network. The declaration attests, on penalty of perjury, that the purpose of the subpoena is to obtain the identity of an alleged copyright infringer and that information obtained in response to the subpoena will be used only to protect rights under the Copyright Act.

Because of the irreparable harm to Ms. Kerr by ongoing copyright infringement and the DMCA's command that DMCA subpoenas be issued and complied with "expeditiously," we request that the Clerk's office issue this subpoena as soon as possible. If you have any questions, please do not hesitate to call me at (210) 978-7786.

Sincerely,

Megan Q. Bluntzer

Attachments

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 2:11-mc-00062-JAM-EFB Document 1 Filed 06/29/11 Page 8 of 11

# UNITED STATES DISTRICT COURT
for the

Eastern District of California

| Kaylyn Kerr | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| Facebook, Inc. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | _____ _____ District of _____ _____ ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Facebook Inc., Custodian of Records, c/o Corporation Services Company, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attached Exhibit "A."

| Place: | Megan Q. Bluntzer, Jackson Walker LLP<br>112 E. Pecan, Suite 2400, San Antonio, TX 78205<br>Fax (210) 242-4669 | Date and Time:<br>6/15/2011 10:00 AM |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

*CLERK OF COURT*

OR

_____       _____
*Signature of Clerk or Deputy Clerk*                                   *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Kaylyn Kerr
_____, who issues or requests this subpoena, are:
Megan Q. Bluntzer, Jackson Walker LLP, 112 E. Pecan, Suite 2400, San Antonio, TX 78205; mbluntzer@jw.com; (210) 978-7786.

EXHIBIT "A"
TO
SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO
PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Regarding the below-listed Facebook User:

Full User's Name: John Mark Mahaffey
Full URL to Facebook Profile: https://www.facebook.com/Albany75
School: Baylor University
Network: Fort Worth, TX
DOB: 11/07/1984
Previous Email Addresses: Mahaffeyka@yahoo.com
New Email Address: johnmarkmahaffey@yahoo.com
Telephone No.: (903) 360-0718
Address: 1708 Briar Run, Benbrook, TX  76126
Period of Activity at Issue: April 4, 2011

Provide the following information:

1. Neoprint of User ID https://www.facebook.com/Albany75
2. Photoprint of User ID https://www.facebook.com/Albany75
3. Contact information of use specified by User ID https://www.facebook.com/Albany75
4. IP log of User ID https://www.facebook.com/Albany75

6133806v.1

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Case 2:11-mc-00062-JAM-EFB   Document 1   Filed 06/29/11   Page 10 of 11

Civil Action No.    2:11-at-00759

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*    Facebook, Inc.
was received by me on *(date)*                    .

☐ I served the subpoena by delivering a copy to the named person as follows:

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

6131847v.1